IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Intel Corp., | NO. C 08-04555 JW |
|         Plaintiff, | **ORDER APPOINTING TOM DENVER AS SPECIAL MASTER** |
|    v. | |
| Wi-LAN, Inc., | |
|         Defendant. | |

The Court previously nominated Tom Denver as a Special Master to assist in the management of this lawsuit. (See Docket Item No. 226.) To date, no objections have been filed as to the Court's notice of intent to appoint Mr. Denver. Thus, due to the parties' consent, the complexity of legal and factual issues involved in this case, and the cost savings to the parties which will result from the focused management of pre-trial matters, the Court appoints Tom Denver as the Special Master in this case pursuant to Rule 53 of the Federal Rules of Civil Procedure.

**A.     Scope of the Special Master's Appointment**

(1)     The Special Master shall preside over all proceedings, with the power to hear and make reports and recommendations on the following pretrial matters:

    a.     Timing of pre-answer motions or any responsive pleadings;

    b.     Timing and content of initial disclosures;

    c.     Case development processes (e.g., staged discovery and discovery schedules or plans);

    d.     Disclosures or discovery;

    e.     Disclosures or discovery disputes;

  f.  Limits on the number of party experts.

  Furthermore, the Special Master shall have the authority to:

  g.  Conduct pretrial conferences and hearings to establish:

    (1)  The substance of the claims and defenses presented in the case and of the issues to be decided;

    (2)  The material facts not reasonably disputable;

    (3)  The disputed material factual issues;

    (4)  The relief claimed, including a particularized itemization of all elements of damages which may reasonably be claimed based upon the evidence which would be presented at trial;

    (5)  The pertinent undisputed and disputed points of law, with respect to liability and relief, including proposed jury instructions;

    (6)  The witnesses necessary to be called at trial, except for impeachment or rebuttal, together with the substance of the testimony to be given;

    (7)  A compilation of all documents and other items necessary to be offered as exhibits at trial, except for impeachment or rebuttal, together with a brief statement following each item describing its substance or purpose and the identity of the authenticating witness.

  h.  Audit and establish attorney fees to be awarded, if any.

  (2)  The Special Master shall exercise the power necessary or proper to regulate all proceedings before him and shall do all acts and take all measures necessary or proper for the efficient performance of his duties under this Order.

  (3)  The Special Master shall file numbered interim reports or recommendations which: (a) advise this Court of the status of the case, and (b) recommend the disposition of any matter heard by him. The parties shall have ten (10) days from the date an interim report or recommendation is filed to file any objections. Any party opposing the objection(s) shall file an opposition within ten (10) days after the objection is filed.

  If no objection is filed, the Special Master's report or recommendation shall become a binding Order of the Court and the parties shall comply with the Order. If, however, an objection is filed, the matter shall be deemed submitted to the Court without oral argument twenty (20) days

after the Special Master's report or recommendation is filed--unless an application is made and the Court orders the matter to be scheduled for hearing.

Reports or recommendations pertaining to non-dispositive motions or pretrial discovery matters shall be reconsidered by this Court only where the Special Master's report or recommendation is clearly erroneous or contrary to law.

**B.      Fees and Costs of Special Master**

Unless the Court receives a recommendation from the Special Master for some other apportionment, each party shall bear the cost of the Special Master on a *per capita* basis, payable in advance. On or before **October 15, 2009**, parties shall meet and confer with the Master and develop a plan to set up a trust account whereby the parties shall deposit, initially, $50,000 each to cover the anticipated fees and costs. The Special Master shall issue statements to the parties and draw from the trust account every 30 days for his or her performance of the appointment. The Special Master will bill at the rate of $600.00 per hour.

The Special Master shall report to the Court on a periodic basis, every 90 days, regarding the state of his fees and expenses and make a recommendation to the Court as to whether the trust account needs additional deposits from the parties as the case progresses.

To complete the appointment, Mr. Denver shall file the affidavit required by Rule 53(b)(3) of Federal Rules of Civil Procedure within ten (10) days from the date of this Order.

Dated:  October 1, 2009

JAMES WARE
United States District Judge

3

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Adam R. Alper aalper@kirkland.com
Amy Rebecca Schofield aschofield@kirkland.com
Christian Chadd Taylor christian.taylor@kirkland.com
Gayle Rosenstein Klein gklein@mckoolsmith.com
Gianni Cutri gcutri@kirkland.com
Gregory S. Arovas garovas@kirkland.com
John M. Desmarais jdesmarais@kirkland.com
Michael C. Spillner mspillner@orrick.com
Michael G. McManus mmcmanus@mckoolsmith.com
Michael Woodrow De Vries mike.devries@lw.com
Robert A. Cote rcote@mckoolsmith.com

Dated: October 1, 2009                    Richard W. Wieking, Clerk

                                          By:    /s/ JW Chambers
                                                 Elizabeth Garcia
                                                 Courtroom Deputy