1  THOMAS HR DENVER (56872)
   Mediation Masters
2  96 North Third Street
   Suite 300
3  San Jose, CA 95112
4
   Telephone: (408) 280-7883
5  Facsimile:  (408) 292-7868

6  Special Master

7

8                IN THE UNITED STATES DISTRICT COURT

9              FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11

12 | INTEL CORPORATION,         | No. C 08-04555 JW
13 |         Plaintiff,         |
                                | **DISCOVERY ORDER NO. 1**
14 | vs.                        |
15 | Wi-LAN, INC.,              |
16 |         Defendant.         |
17

18     Plaintiff Intel having requested leave to conduct certain discovery at the present time

19 and defendant Wi-LAN having objected and informal briefing having been reviewed and

20 oral argument heard,

21     IT IS ORDERED as follows:

22     The request is GRANTED in part and DENIED in part, as more fully set out below.

23     This court issued its First Patent Scheduling Order (document 226) on September 3,

24 2009.  In that order, the court set a schedule under which defendant's infringement

25 contentions in this declaratory relief action would be due on February 1, 2010, as to the

26 adaptive allocation patents and plaintiff's invalidity contentions, as to those same patents,

27 would be due on March 8, 2010.  The order also sets a tutorial on February 19, 2010.

28

1  Plaintiff Intel seeks certain discovery so as to be in a position to assert its invalidity
2 contentions on the schedule set out.
3  Plaintiff seeks Rule 26 disclosures.  However, given the narrow focus of the court's
4 scheduling order and the clear intent to identify which patents, if any, defendant Wi-LAN
5 asserts are infringed, it appears appropriate to limit discovery and focus it narrowly.  Given
6 the very nature of the broad disclosures required by Rule 26, particularly in a highly
7 technical case of this sort and given the provisions of the Local Patent Rules, particularly
8 Rules 2-5 and 3-5, Rule 26 disclosures, at this juncture, are inappropriate.
9  Plaintiff Intel also seeks certain third party discovery.  However, it correctly points
10 out that, given that the patents addressed by the court's schedule order are only 7 of 18
11 total patents, which are the subject of this suit, there is the potential for exposing third
12 parties to double or even triple requests for discovery.  Intel also correctly identified the
13 possibility of third parties objecting to more than one round of discovery.  As the court is
14 aware, a companion case is proceeding in the Eastern District of Texas, Marshall Division.
15 Discovery is underway in that matter and third party discovery, sufficient for purposes of
16 Intel advancing its invalidity contentions in this matter may be undertaken there.
17 According, no third party discovery will be allowed in this action at the present time.
18  Finally, plaintiff Intel seeks to address certain written interrogatories and requests for
19 production of documents to defendant Wi-LAN.  That request is granted, with Intel limited
20 to 10 written interrogatories and 20 requests for production of documents pending further
21 order.  Those interrogatories and requests must be consistent with the Local Patent Rules.
22  Once responses to the permitted discovery have been received, plaintiff may move
23 for further discovery if it deems such a request appropriate.
24  The parties have ten days from the date of this order to file any objection.
25
26 Dated:  October 29, 2009.                     /s/ Thomas HR Denver
                                               THOMAS HR DENVER
27
28

-2-

DISCOVERY ORDER NO. 1